**570**

760 P.2d 570

**REVCO D.S., a Michigan Corporation, Plaintiff/Appellant/Cross–Appellee,**

v.

**William E. BROOKS, Jr., Pamela K. Clow, Helen Cooper, Richard Drinen, Alvin W. McCarty, Sue Tucker, Leonard E. Weintraub, in their official capacities as members of the Arizona State Board of Dispensing Opticians, and Arizona State Board of Dispensing Opticians, Defendants/Appellees/Cross–Appellants.**

No. 2 CA–CV 88–0013.

Court of Appeals of Arizona, Division 2, Department B.

March 10, 1988.

Review Denied Sept. 14, 1988.

Snell & Wilmer by John J. Bouma, Bruce P. White and Eileen J. Moore, Phoenix, for plaintiff/appellant/cross-appellee.

Robert K. Corbin, Atty. Gen. by Fred W. Stork, III and Charles S. Hover, III, Phoenix, for defendants/appellees/cross-appellants.

## OPINION

LIVERMORE, Presiding Judge.

Appellant Revco operates drug stores in Arizona. It fills prescriptions for contact lenses from its customers by ordering those lenses from a company in Ohio. The trial court found that this made its stores an "optical establishment," but not a "dispensing optician," within the following definitions in A.R.S. § 32–1671:

3. "Dispensing optician" means any person, except as provided in § 32–1691, who dispenses lenses, contact lenses, frames, artificial eyes, optical devices, appurtenances thereto or parts thereof to the intended wearer on written prescription from a duly licensed physician or optometrist, and in accordance with such prescription interprets, measures, adapts, fits or adjusts the same for the aid or correction of visual or ocular anomalies of the human eye or who duplicates, replaces, reproduces or repeats the same without prescription when there is no change in refractive value, provided that contact lenses shall never be dispensed without a written contact lens prescription being on file in any optical establishment, office of an optometrist or office of a physician or verbal confirmation of that written prescription. The dispensing optician shall advise the intended wearer at the time that contact lenses are delivered to return to the prescribing physician or optometrist for evaluation and follow-up care.

4. "Optical establishment" means a physical location in which lenses, contact lenses, frames, artificial eyes, optical devices, appurtenances thereto or parts thereof are dispensed to the intended wearer on written prescription from a physician licensed pursuant to chapter 13 or 17 of this title or an optometrist li-

censed pursuant to chapter 16 of this title.

Revco appeals and the state cross-appeals from these rulings. We affirm.

Revco argues that by merely transmitting contact lenses from a manufacturer or distributor to a customer, it does not "dispense" such lenses and, therefore, is not an "optical establishment." The ordinary definition of the word "dispense," however, is to furnish, deliver, or distribute. We see no reason to define it differently. Revco's contention that "dispense" must mean both to furnish and to interpret, measure, adapt, fit, or adjust would render pointless the legislative effort to define separately "dispensing optician" and "optical establishment." They would be co-extensive. If "dispense" means "dispense and fit," then an "optical establishment" would be a "dispensing optician" and a "dispensing optician" would be an "optical establishment." That which the legislature has put asunder cannot be so easily joined together. See *Banks v. Arizona State Board of Pardons & Paroles*, 129 Ariz. 199, 203, 629 P.2d 1035, 1039 (App.1981) where the court stated: "Where the legislature has specifically used a term in certain places within a statute and excluded it in another place, courts will not read that term into the excluded section."

The real thrust of Revco's argument is that because an "optical establishment" to be licensed must have a "dispensing optician" on its premises the legislature could not have intended to define Revco as an "optical establishment." Put simply, it argues that such a construction is unwise. The simple answer is that courts must assume that the legislature intended what it did, and the wisdom of its acts is not for the courts to question. Beyond that, we see nothing inherently questionable in requiring that those who furnish optical devices to others should have someone present who can determine that that which was ordered is that which was delivered. If the business of transmitting contact lenses produced out of state to customers in Arizona ordering them by way of doctor's prescriptions is so obviously not in need of this regulation it should not be

hard to persuade the legislature to change it.

The state's cross-appeal, contending that Revco is a "dispensing optician," suffers from the same defects as Revco's arguments. First, it argues that because Revco purchases from a company that interprets or measures the lenses, it should be treated as having done the acts of that company. That again would automatically make an "optical establishment" a "dispensing optician." Next, it is argued that the legislature could not have intended to leave unregulated the out-of-state preparation of contact lenses. The legislative scheme, however, provides that a "dispensing optician" must be present in the state at the location where the lenses are delivered. That provides significant consumer protection. If more is needed, the argument should be addressed to the legislature.

Affirmed.

ROLL and FERNANDEZ, JJ., concur.